UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20- 1137 |
| ) | |
| DEFENDANT NO. 1: $102,410.00 IN ) | |
| UNITED STATES CURRENCY, ) | |
| More or less, ) | |
| ) | |
| DEFENDANT NO. 2: $4,202.00 IN ) | |
| UNITED STATES CURRENCY, ) | |
| More or less, ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $102,410.00 in U.S. Currency, more or less, and $4,202.00 in U.S. Currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

**THE DEFENDANT IN REM**

2. The defendant property consists of: $102,410.00 in United States currency, more or less, and $4,202.00 in United States currency, more or less, that was seized at 25 Laurel,

Greenfield, MA and 223B State Road in South Deerfield, MA on June 11, 2019 during the execution of criminal search warrants by the Food and Drug Administration. The currency is currently in federal custody.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7. Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial*. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316)269-6484

## DECLARATION

I, Joseph McCulley, Special Agent, FDA Office of Criminal Investigations.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19 day of May, 2020.

SA Joseph McCulley
FDA

NOTARY PUBLIC - State of Kansas
MERRY L. BAXTER
My Appt. Expires 1-2-2022

Merry L Baxter

# AFFIDAVIT

I, Joseph McCulley, being first duly sworn, depose and state:

1. The Affiant has been employed as a Special Agent with the Food and Drug Administration's Office of Criminal Investigations for approximately ten (10) years and has been a federal agent for approximately seventeen (17) years. My duties include investigation of violations of the Food, Drug and Cosmetics Act, Title 21 of the United States Code and the forfeitures thereto.

2. The information contained in this affidavit is known to the Affiant through personal direct knowledge, and /or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.

3. In November 2018, Food and Drug Administrations' Office of Criminal Investigations identified a vendor with the username "killwill" offering "Pressed" Oxycodone 30mg tablets for sale on the Dream Market (internet "Dark Web" market). Vendor "killwill" offered to sell various quantities of these "Pressed" Oxycodone tablets from a single pill to one thousand pills. Additional details on the "killwill" market page advised the vendor could sell "Pressed Oxycodone with either the A215 or M30 stamp".

4. From December 2018 to June 2019, this Affiant conducted numerous undercover purchases of "Pressed" Oxycodone pills from "killwill" on the Dream Market and "willkill99" on an encrypted messaging application called "Wickr". Payment for each of the purchases was made with bitcoin cryptocurrency. This Affiant is aware that bitcoin can be easily converted to cash. All the pills received throughout this investigation bore the markings "M" on one side of the pill and "30" on the other. This is consistent with the

FDA Approved drug Oxycodone Hydrochloride 30mg manufactured by Mallinckrodt Pharmaceuticals.

5. The pills recovered in this case were sent to the Food and Drug Administration's Forensic Chemistry Center for analysis. Each of the pills purchased from "killwill" or "willkill99" were tested and determined to be counterfeit Oxycodone. The pills contained heroin, fentanyl, acetylcodeine and monoacetylmorphine, however, they contained no oxycodone hydrochloride.

6. Numerous investigative methods were utilized to identify the individuals responsible for manufacturing, packaging and mailing the counterfeit oxycodone pills. These methods included, among other things, physical and electronic surveillance. The investigation positively identified Jeremiah McLenithan, Anthony Stokes and Melissa Abbott as primary suspects.

7. On June 11, 2019, agents from the Food and Drug Administration executed search warrants at three locations in Western Massachusetts. These locations were Anthony Stokes' residence in South Deerfield, Stokes' rental building in South Deerfield and Jeremiah McLenithan's residence in Greenfield, Massachusetts.

8. Counterfeit oxycodone pills matching the pills purchased throughout this investigation marked M/30 were located and seized from both Stokes' and McLenithan's residences. A pill press was located and seized from Stokes' rental building. USPS Priority Mail Express labels and tracking numbers were located and seized from all three locations. Six of the USPS tracking numbers located during the search warrants matched the tracking information from undercover buys made by this Affiant.

9. While conducting the search of Stokes' residence located at 223B State Road in South Deerfield, MA, $4202 cash was located on a table in the bedroom where Stokes and Abbott were sleeping. USPS Priority Mail envelopes, receipts, a "Food Saver" vacuum sealer and several pieces of plastic wrap were located next to the cash. It should be noted that each of the undercover purchases of counterfeit oxycodone pills received in this investigation were shipped via USPS Priority Mail and were wrapped in vacuum sealed plastic matching that found on the table. Near the table was a safe which contained hundreds of counterfeit oxycodone M/30 pills matching the pills received by this Affiant throughout this investigation.

10. While conducting the search at McLenithan's residence located at 25 Laurel, Greenfield, MA, $102,410 cash was located inside a safe. The safe also contained dozens of counterfeit oxycodone M/30 pills which matched the pills received by this Affiant throughout this investigation. In addition, the safe contained two handguns, a plastic bag of white powder which tested positive for cocaine and a heroin purity test kit.

11. McLenithan's cell phone was accessed by investigators during the search warrant using McLenithan's fingerprint. The encrypted messaging application "Wickr" was found installed on the phone. During the course of this investigation, orders for counterfeit oxycodone M/30 pills were placed with "willkill99" through the online messaging application "Wickr". A review of the "Wickr" application installed on McLenithan's phone confirmed he used the nickname "willkill99" and his recent messages showed conversations with investigators and others regarding the sale of M/30 pills.

12. Based on the information set forth above, this Affiant has probable cause to believe that the seized $106,612.00 constitutes money or other things of value furnished or intended

to be furnished in exchange for a controlled substances, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et. seq. Accordingly, the seized property is subject to forfeiture pursuant to Title 21, U.S.C. §§ 853 and 881.

_____
SA Joseph McCulley
FDA Office of Criminal Investigations

Sworn to and subscribed before me this 19 day of May, 2020.

NOTARY PUBLIC - State of Kansas
MERRY L. BAXTER
My Appt. Expires 2-2-2022

_____
NOTARY